2014 UT App 110

The CITY CLUB, INC., Petitioner,

v.

DEPARTMENT OF ALCOHOLIC
BEVERAGE CONTROL,
Respondent.

No. 20120637–CA.

Court of Appeals of Utah.

May 15, 2014.

Ronald J. Yengich, Salt Lake City, for Petitioner.

Sean D. Reyes and Brent A. Burnett, Salt Lake City, for Respondent.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Judge J. FREDERIC VOROS JR. and Senior Judge PAMELA T. GREENWOOD concurred.[1]

### Memorandum Decision

CHRISTIANSEN, Judge:

¶1 The City Club, Inc. challenges disciplinary sanctions the Department of Alcoholic Beverage Control (DABC) imposed against City Club for selling or furnishing alcohol to a person under the age of twenty-one and for failing to verify proof of age for an individual appearing to be under the age of thirty-five. City Club argues that there is insufficient evidence to support DABC's findings and that DABC deprived City Club of due process. Because evidence of substance supports DABC's findings and because City Club has failed to demonstrate that DABC violated City Club's due process rights, we decline to disturb DABC's order imposing disciplinary sanctions.

¶2 In the early hours of March 18, 2010, Utah Highway Patrol Trooper Shawn Cannon stopped a vehicle in downtown Ogden for equipment violations. After questioning the

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

occupants of the vehicle, Trooper Cannon determined that the passenger (Witness) was nineteen years old and had been drinking alcohol that night. Witness told Trooper Cannon that she and the driver (Driver) had just left Brewskis, a nearby bar operated by City Club, where she had consumed two alcoholic drinks. She also told Trooper Cannon that she and Driver had "walked right on in" to the bar and had not been asked for identification. Trooper Cannon contacted an agent with the State Bureau of Investigation (SBI) and notified him of Witness's claims that Brewskis had failed to verify her age and had served her alcohol. At the SBI agent's request, Trooper Cannon took written statements regarding these events from both Witness and Driver, which he then forwarded to SBI. Trooper Cannon cited Witness for possession of alcohol by a minor and released Witness and Driver.

¶ 3 SBI Agent Cory Thomas contacted Witness on March 31, 2010, and Witness confirmed the information she had given in her written statement. That same day, Agent Thomas visited Brewskis and notified the bar's manager (Manager) of the alleged violation. Agent Thomas asked Manager if identification scanner records or security camera footage were available. Manager told Agent Thomas that the identification scanner information had been deleted after seven days in accordance with state law, and that the security camera footage had been recorded over after four days. SBI referred the complaint to DABC on April 13, 2010. The next day, DABC notified City Club of its intent to proceed with disciplinary action.

¶ 4 DABC held a hearing on the matter in March 2012. Agent Thomas, Driver, and Manager testified in person. Witness and Trooper Cannon testified by telephone. Witness's and Driver's March 18, 2010 written statements, Trooper Cannon's incident report, and Agent Thomas's report were introduced as exhibits. The hearing officer entered recommendations for DABC action, incorporating his findings of fact and conclusions of law. The hearing officer expressed some concerns about Witness's and Driver's recollections of the events given the passage of nearly two years between the violation and the hearing. However, with respect to the material elements of the offense, the hearing officer found that Witness and Driver remained affirmative in their recollections, "even under aggressive cross-examination," and that their version of events was confirmed by Trooper Cannon. Ultimately, the hearing officer concluded that the allegations against City Club were proven by a preponderance of the evidence. DABC adopted the hearing officer's factual findings and legal conclusions. Based on the hearing officer's recommendations, DABC ordered City Club to pay $4,542 in fines and administrative costs and suspended City Club's license for ten days. City Club petitioned this court for judicial review.

 ¶ 5 City Club first challenges the sufficiency of the evidence supporting DABC's finding that City Club served alcohol to a person under twenty-one years of age. "An alcoholic beverage may not be sold, served or otherwise furnished to a . . . minor." Utah Code Ann. § 32A–5–107(15) (LexisNexis Supp.2009). A minor for purposes of the Alcoholic Beverage Control Act (the Act) is a person under twenty-one years of age. *Id.* § 32A–1–105(37). We may not disturb a finding of fact made by DABC if it is "supported by any evidence of substance in the record." *Id.* § 32A–1–120(2). Under this "evidence of substance" standard, we afford greater deference to DABC's factual findings than we would in reviewing agency proceedings under the Utah Administrative Procedures Act. *See Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 67 (Utah Ct.App.1989).

¶ 6 Having reviewed the record, we conclude that evidence of substance supports DABC's finding that City Club served alcohol to a minor. First, it is undisputed that Witness was under the age of twenty-one on March 18, 2010. Next, both Witness's and Driver's statements to Trooper Cannon indicated that the Brewskis bartender had served Witness an alcoholic drink that evening. Witness's statement identified the drink given to her by the bartender as a long island iced tea. Witness also testified at the hearing that she was served a long island

iced tea.[2] Agent Thomas testified that when he contacted Witness during his investigation, she told him she had purchased a long island iced tea at Brewskis on the night in question. Agent Thomas's hearing testimony on this point is consistent with the written report of his March 2010 investigation.

¶ 7 City Club essentially argues that these witnesses were not credible, primarily due to their fading memories of an event that occurred some two years before the hearing. However, in reviewing an agency decision, we do not reassess witness credibility or reweigh evidence. *Questar Pipeline Co. v. Tax Comm'n*, 850 P.2d 1175, 1178 (Utah 1993). The hearing officer specifically found "each of the ... witnesses credible," and City Club has not demonstrated that any witness's testimony could be properly disregarded by this court. *Cf. State v. Robbins*, 2009 UT 23, ¶ 16, 210 P.3d 288 (explaining that in reviewing a criminal conviction, an appellate court may disregard a witness's testimony if that testimony is "inherently improbable"). Accordingly, we defer to DABC's determination that these witnesses were credible.

¶ 8 City Club also argues that no evidence was presented to the hearing officer that the drink served to Witness by the Brewskis bartender was an alcoholic beverage. An alcoholic beverage is defined by the Act to include, among other things, any drink that "contains at least .5% alcohol by volume" and "is suitable to use for beverage purposes." Utah Code Ann. § 32A–1–105(2)(c), (32)(a)(i). City Club relies on *DeFusion Co. v. Utah Liquor Control Commission* for the proposition that a long island iced tea is not necessarily an alcoholic beverage under the Act. *See* 613 P.2d 1120, 1124–25 (Utah 1980). In *DeFusion,* our supreme court dismissed an order of the Liquor Control Commission imposing a license suspension against a private club for serving alcohol to a nonmember. *Id.* at 1125. The court explained that, while the testimony did establish that an undercover agent obtained two " 'screwdriver' drinks" as a nonmember, "[n]o evidence was offered as to the contents of a 'screwdriver' drink as

served at [the] club." *Id.* at 1123. The court concluded that evidence of the ingredients or alcohol content of a drink was necessary to establish that the drink met the statutory definition of an alcoholic beverage. *Id.* at 1123–24.

¶ 9 City Club asserts that no evidence was offered regarding whether or not there was alcohol in the drinks Witness received at Brewskis. However, DABC elicited testimony from Manager about the contents of a long island iced tea as prepared at Brewskis. Manager testified that a long island iced tea contains approximately an ounce of vodka and an ounce of an alcoholic flavoring in a fifteen-ounce drink. Thus, unlike in *DeFusion*, sufficient evidence was offered here to show that a long island iced tea as served at Brewskis meets the statutory definition of an alcoholic beverage.

¶ 10 We therefore conclude that evidence of substance supports DABC's finding that City Club served or furnished alcohol to Witness on the night in question, and we decline to disturb that finding.

¶ 11 City Club also challenges the sufficiency of the evidence supporting DABC's finding that City Club failed to verify proof of age of a person appearing to be under the age of thirty-five. Utah law requires a social-club licensee like City Club to "verify proof of age ... before an individual who appears to be 35 years of age or younger" enters into or procures an alcoholic beverage on its premises. Utah Code Ann. § 32A–1–304.5(3) (LexisNexis Supp.2009). The validity of the proof of age must be verified electronically as provided by DABC rules—in this case by scanning the proof of age with an electronic scanner. *See id.* § 32A–1–304.5(4). Again, we may not disturb DABC's finding on this point if it is "supported by any evidence of substance in the record." *Id.* § 32A1–120(2).

¶ 12 Our review of the record persuades us that ample evidence supports DABC's finding that City Club failed to verify Witness's proof of age. Witness's and Driver's March 18, 2010 statements both indicated that they

---

**2.** Evidence was also presented that Witness had a beer at Brewskis that night but that another

patron of the bar, not an employee, gave her the beer.

had entered Brewskis earlier that evening, and that nobody was checking identification at the door. Witness testified that she was not asked for identification and she did not see others asked for identification. Agent Thomas testified that during his investigation, Witness told him that she had "just walked in" to the bar and was not checked for proof of age. Trooper Cannon also testified that Witness and Driver told him that they had walked into the bar and that neither was asked for identification. Witness's testimony is further corroborated by Agent Thomas's and Trooper Cannon's reports. With respect to Witness's appearance, Trooper Cannon characterized Witness as a "younger looking female" at the time of the traffic stop. Trooper Cannon's report from the night of the traffic stop states, "[Witness] looked to be under the age of 21." It is undisputed that Witness was only nineteen at the time. Finally, as discussed above, *see supra* ¶¶ 6–10, Witness was served an alcoholic beverage on the premises.

¶ 13 There is evidence of substance to support DABC's finding that Witness was admitted to Brewskis without being asked for proof of age, that Witness appeared to be under the age of thirty-five at the time, and that Witness obtained an alcoholic beverage on the premises. City Club again challenges the credibility of the witnesses on this issue, but we defer to DABC's determination that all the witnesses were "credible and believable." *See Questar Pipeline Co. v. Tax Comm'n*, 850 P.2d 1175, 1178 (Utah 1993). Thus, we decline to disturb DABC's findings on this point.

■ ¶ 14 City Club next argues that it was denied due process because it was not notified of disciplinary proceedings by DABC until April 14, 2010, nearly a month after the violation occurred. As a result, City Club argues that it was unable to preserve security camera footage and the contents of its identification scanners to disprove DABC's allegations of serving a minor and failure to verify proof of age. City Club claims that due process required notice of DABC action

"within [a] reasonable seven-day period" after Trooper Cannon initially contacted SBI to report the alleged violation.

■■ ¶ 15 "The requirements of due process depend upon the specific context in which they are applied," *V–1 Oil Co. v. Department of Envtl. Quality*, 939 P.2d 1192, 1196 (Utah 1997), because "unlike some legal rules, [due process] is not a technical conception with a fixed content unrelated to time, place, and circumstances," *Cafeteria Workers Union v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) (citation and internal quotation marks omitted). Evaluating the requirements of due process in a particular context requires a balancing of three factors: "the private interest that will be affected by the official action"; "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and "the Government's interest, including the functions involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see also V–1 Oil*, 939 P.2d at 1196.

■ ¶ 16 We decline to disturb DABC's order on due process grounds because City Club has failed to adequately brief this claim. An appellate court has "discretion to not address an inadequately briefed argument" that is "asserted without the support of legal reasoning or authority." *See Angel Investors, LLC v. Garrity*, 2009 UT 40, ¶¶ 35–36, 216 P.3d 944. City Club does not attempt to apply the *Mathews* framework or identify the relevant considerations that would enable this court to evaluate its claim that earlier notice from DABC was constitutionally required. City Club does not explain how a seven-day notice period would decrease the risk of error, because City Club does not explain how preserving the scanner data would improve its ability to defend against the alleged violations.[3] Neither does City

---

3. Indeed, it is not self-evident that identification-scanner data would necessarily be helpful to City Club in defending against the allegations that it

failed to verify Witness's proof of age and served her alcohol. In most circumstances, the scanner data would reveal only that no identification as-

Club discuss the additional fiscal and administrative burdens that would be placed on police officers, SBI, and DABC if preliminary investigation of violations were constitutionally required to take place within seven days of the alleged violation. City Club also fails to explain how its own decision to discard security-camera footage after four days should impose upon DABC an obligation to act before City Club destroys that evidence.[4]

¶ 17 Also fatal to City Club's claim is its failure to address the statute governing the time in which DABC must bring a disciplinary proceeding based on a violation of the Act. *See* Utah Code Ann. § 32A–1–119.5 (LexisNexis Supp.2009). The Act specifically allows a non-DABC enforcement agency such as SBI to report a violation to DABC within eight business days of completing an investigation of a violation, with no apparent limitation placed on the duration of the investigation. *See id.* § 32A–1–119.5(3)(a). And DABC need only give a licensee notice of a disciplinary proceeding within eight business days of receiving a report from a separate enforcement agency or completion of an internal DABC investigation. *Id.* § 32A–1–119.5(3)(b), (4)(a). City Club has not addressed this portion of the Act or argued that the time given enforcement agencies to investigate and respond to alleged violations of the Act does not properly balance the competing concerns of due process. *See Mathews*, 424 U.S. at 335, 96 S.Ct. 893. To address City Club's argument would require this court to evaluate the constitutionality of this statute without the benefit of a properly raised or briefed challenge. *See Winward v. State*, 2012 UT 85, ¶ 18 n. 4, 293 P.3d 259. We decline to do so.

¶ 18 Evidence of substance supports DABC's findings that City Club served alcohol to a person under twenty-one years of age and failed to verify proof of age for a person appearing to be under thirty-five years of age. City Club has failed to adequately brief its due process claims to enable this court to address them. We decline to disturb DABC's order.

---

sociated with Witness was scanned. Such evidence would be neutral at best because it equally supports DABC's contention that Witness entered the club without her proof of age verified and City Club's implicit argument that Witness was never at Brewskis that night or entered with fraudulent identification.

4. For similar reasons, we reject City Club's claim that its due process rights were violated when Witness testified over the telephone rather than appearing in person. City Club failed to perform a *Mathews* analysis or cite any authority supporting its argument. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Legally unsupported assertions are insufficient to carry City Club's burden of demonstrating a due process violation. *Angel Investors, LLC v. Garrity*, 2009 UT 40, ¶¶ 35–36, 216 P.3d 944.